UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OSCAR DANTZLER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2211 |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL. | * | SECTION "I" (2) |

## REPORT AND RECOMMENDATION

This matter was automatically referred to the undersigned United States Magistrate Judge pursuant to Local Rule 73.2(C) and 28 U.S.C. § 636(b)(1)(B) and (C). Before me is a Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively for Failure to State a Claim filed by the United States Department of Justice and Merrick Garland, individually and in his official capacity as Attorney General of the United States. ECF No. 5. Plaintiff failed to file any response to this Motion but did file a Motion for Voluntary Dismissal directed to certain parties. ECF No. 8. Also pending before me is Plaintiff's Ex Parte/Consent Motion to Dismiss Parties Without Prejudice as to Defendants Cashe Coudrain & Bass LLP, Andre Coudrain (individually and in his capacity as an attorney), Ashley Edwards Bass (individually and in her capacity as an attorney), Indigo K. Diekmann (individually and in her capacity as an associate attorney), and Jamie Polozola Gomez (individually and in her capacity as an associate attorney) and their unidentified agents one through five. ECF No. 10. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions, and the applicable law, the undersigned RECOMMENDS that the Motion to Dismiss (ECF No. 5) and the Ex Parte/Consent Motion to Dismiss Parties Without Prejudice (ECF No. 10) be GRANTED for the reasons stated herein.

1

**I.   BACKGROUND**

Plaintiff Oscar Dantzler filed a 25-page document entitled "Petition for a Writ of Mandamus and/or Petition for a Writ Prohibition." ECF No. 1. Although difficult to decipher, it appears that Plaintiff seeks, among other things, to compel the United States Department of Justice and its agents to investigate a criminal complaint that he filed against his former attorney and opposing counsel in Civil Action No. 20-2960. *Id.* at 3; *see also id*. at 3-12.[1] Plaintiff also names District Judge Zainey and Magistrate Judge van Meerveld as defendants, alleging that they have failed to stop the unlawful activity and they are biased against him because of his race and the fact that he is not a licensed attorney. *Id.* at 12-15. He also names as Defendants Cashe Coudrain & Bass LLP, Andre Coudrain (individually and in his capacity as an attorney), Ashley Edwards Bass (individually and in her capacity as an attorney), Indigo K. Diekmann (individually and in her capacity as an associate attorney), and Jamie Polozola Gomez (individually and in her capacity as an associate attorney) and their unidentified agents one through five. *Id.* at 8-11.

Although Plaintiff did not file an Opposition to the Motion to Dismiss, he did file his own separate Motion for Voluntary Dismissal of Defendants U.S. Department of Justice, U.S. District Judge Jay Zainey and U.S. Magistrate Judge Janis van Meerveld. ECF No. 8. In addition, Plaintiff filed his own Motion to Dismiss Without Prejudice as to Defendants Cashe Coudrain & Bass LLP, Andre Coudrain (individually and in his capacity as an attorney), Ashley Edwards Bass (individually and in her capacity as an attorney), Indigo K. Diekmann (individually and in her capacity as an associate attorney), and Jamie Polozola Gomez (individually and in her capacity as an associate attorney) and their unidentified agents one through five. ECF No. 10.

---

[1] According to the Government, Dantzler has a long history of filing frivolous lawsuits in this district. ECF No. 5-2, at 2-3. He has also filed suits in other districts. *See Dantzler v. U.S. Dep't of Justice*, No. 20-1505, 2021 WL 2809125 (D.D.C. July 6, 2021) (denying mandamus request to compel Attorney General to investigate alleged criminal conduct).

Judge Africk granted Plaintiff's Motion for Voluntary Dismissal of the claims against the U.S. Department of Justice, Judge Zainey and Judge van Meerveld. ECF No. 9. Thus, the only portion of the Government's Motion to Dismiss left unresolved is the requested dismissal of all claims against Merrick Garland, individually and in his capacity as Attorney General of the United States. ECF No. 5 at 1. Presumably, Plaintiff's claims against Attorney General Garland fall within the "Plaintiff Action against the U.S.D.O.J. Office, Et al" portion of the Complaint as Attorney General Garland's name is nowhere mentioned in the Complaint other than the caption and service instructions. ECF No. 1, at 3. Taking into account Plaintiff's Motion to Dismiss Without Prejudice as to Defendants Cashe Coudrain & Bass LLP, Andre Coudrain (individually and in his capacity as an attorney), Ashley Edwards Bass (individually and in her capacity as an attorney), Indigo K. Diekmann (individually and in her capacity as an associate attorney), and Jamie Polozola Gomez (individually and in her capacity as an associate attorney) and their unidentified agents one through five, that leaves Claiborne W. Brown as the only other remaining defendant.

## II. LAW AND ANALYSIS

### A. Standards of Review for Voluntary Dismissal under Fed. R. Civ. P. 41(a)

Rule 41(a)(1) of the Federal Rules of Civil Procedure governs a plaintiff's voluntary dismissal of a case before a defendant has filed responsive pleadings. The rule provides, *inter alia*, that a plaintiff may voluntarily dismiss an action without a court order and without consent of the defendants when the notice of dismissal is filed *before* opposing parties serve either an answer or a motion for summary judgment.[2] When responsive pleadings have been filed, Rule 41(a)(2)

---

[2] FED. R. CIV. P. 41(a)(1)(A)(i); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (a unilateral dismissal by a plaintiff "[i]s permissible only before the defendant has filed an answer or a motion for summary judgment.").

governs a voluntary dismissal. In that case, the action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper.[3] The dismissal is without prejudice unless otherwise indicated.[4]

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[5] Thus, courts have discretion to grant a plaintiff's motion for voluntary dismissal and to attach conditions tailored to prevent unfair prejudice to the defendant.[6]

### B. Rule 12(b)(1) Standard

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of the district court. A court must address a subject matter motion before other substantive motions to avoid a court without jurisdiction prematurely dismissing a case with prejudice.[7] If the court lacks subject matter jurisdiction, it should dismiss without prejudice.[8]

Rule 12(b)(1) dismissals for lack of subject matter jurisdiction are proper "when the court lacks the statutory or constitutional power to adjudicate the claim."[9] Lack of subject matter jurisdiction presents an issue quite different from whether the allegations entitle a plaintiff to

---

[3] FED. R. CIV. P. 41(a)(2).
[4] *Id*.
[5] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).
[6] *Balestreri v. Metro. Life Ins. Co.*, 272 F. App'x 345, 346 (5th Cir. 2008) (citing *Yoffe v. Keller Indus., Inc.,* 580 F.2d 126, 129 (5th Cir.1978) (cleaned up)).
[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)); *see also McCasland v. City of Castroville*, 478 F. App'x 860 (5th Cir. 2012) (vacating Rule 12(b)(6) dismissal because district court failed to first address Rule 12(b)(1) motion).
[8] *In re Great Lakes Dredge & Dock Co*., LLC, 624 F.3d 201, 209 (5th Cir. 2010); *see also Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol North America, In*c., 544 Fed. Appx. 455 (5th Cir. 2013) (vacating Rule 12(b)(1) dismissal with prejudice and remanding for determination of whether dismissal was for lack of jurisdiction or for failure to state a claim).
[9] *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (citation omitted).

relief.[10]  Federal question claims can be dismissed for lack of subject matter jurisdiction (rather than failure to state a claim) only when the claim is not even "colorable," *i.e.*, it is wholly insubstantial and frivolous or is immaterial and made solely for purposes of obtaining jurisdiction.[11]  A motion to dismiss for lack of subject matter jurisdiction should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief."[12]

Standing is the "threshold question in every federal case."[13]  In its simplest terms, standing addresses whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."[14]  Standing requires three elements: (1) plaintiff must have suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision.[15]  To establish injury in fact, plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[16]  A dismissal for lack of constitutional standing is appropriately addressed under Rule 12(b)(1).[17]

C. **Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."  A motion to dismiss for failure to state

---

[10] *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (court improperly dismissed under Fed. R. Civ. P. 12(b)(1) foreign investor's securities claim against Australian Bank based on foreign transactions because resolving the question of what conduct §10(b) reaches is the same merits question as asking what conduct §10(b) prohibits).
[11] *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).
[12] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (citing *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 1998)).
[13] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).
[14] *Id.* at 498.
[15] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up).
[16] *Id.* at 339.
[17] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008)).

a claim is not meant to resolve disputed facts or test the merits of a lawsuit.[18]  Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[19]  Further, Rule 8(a) requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation," and naked assertions devoid of further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief.[20]  Even the complaints of pro se litigants must convince the court that plaintiff has a colorable claim.

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[21]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[22]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[23]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[18] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[19] *Id.*
[20] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)).
[21] *Twombly*, 550 U.S. at 555 (citation omitted).
[22] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[23] *Iqbal,* 556 U.S. at 678 (citation omitted).

6

>   complaint has alleged—but it has not "shown"—"that the pleader is entitled
>   to relief."[24]

The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[25] The complaint must include enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[26] Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[27]

### D. Decisions to Investigate and Prosecute are Discretionary Functions

The Supreme Court "has recognized that 'the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'"[28] Indeed, "[i]t is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch."[29] The Fifth Circuit has stated:

>   Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free

---

[24] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[25] *Iqbal*, 556 U.S. at 678.
[26] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).
[27] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[28] *Greenlaw v. United States*, 554 U.S. 237, 246 (2008) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)); *see also Smith v. United States*, 375 F.2d 243, 246–47 (5th Cir. 1967) ("The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute." (citations omitted); *Powell v. Katzenbach*, 359 F.2d 234 (D.C. Cir. 1965) (the prosecutorial discretion of the Attorney General may not be controlled through mandamus).
[29] *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.[30]

Thus, it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution.  Further, the Supreme Court has recognized that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[31]

In the caption, Plaintiff appears to assert claims against Attorney General Garland in his official and individual capacities.  An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent.[32]  Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.[33]  Plaintiff does not allege that the government waived its immunity, nor has he set forth any facts to find such a waiver.

To the extent Plaintiff purports to assert a claim against Attorney General Garland in his individual capacity regarding whether to investigate and prosecute any matter, his claims are liberally construed as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* ("Bivens"), 403 U.S. 388, 397 (1971).[34]  Unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, a plaintiff has no viable claim under Bivens.  Moreover, the Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[35]

---

[30] *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965).
[31] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("private parties ... have no legally cognizable interest in the prosecutorial decisions of the Federal government").
[32] *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).
[33] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Loeffler v. Frank*, 486 U.S. 549, 554, (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244, (1940).
[34] *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir.1999) ("A Bivens action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), overruled on other grounds, *Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).
[35] *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

## III. CONCLUSION

As defendants Cashe Coudrain & Bass LLP, Andre Coudrain (individually and in his capacity as an attorney), Ashley Edwards Bass (individually and in her capacity as an attorney), Indigo K. Diekmann (individually and in her capacity as an associate attorney), and Jamie Polozola Gomez (individually and in her capacity as an associate attorney) and their unidentified agents one through five have neither answered nor filed a motion for summary judgment, Plaintiff is entitled to dismiss his claims against them pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

With regard to Plaintiff's claims against Attorney General Garland, the Complaint fails to set forth any factual allegations directed specifically to the Attorney General. To the extent he purports to sue Attorney General Garland for the Department of Justice's failure to investigate or prosecute the alleged misconduct that Plaintiff reported, Mr. Dantzler has no legally cognizable interest in compelling the Attorney General to investigate or prosecute. Accordingly, his claims against Attorney General Garland must be dismissed without prejudice for lack of subject matter jurisdiction. Alternatively, the claims against Attorney General Garland should be dismissed with prejudice for failure to state a claim upon which relief may be granted. Should this Report and Recommendation be adopted, only the claims against Claiborne W. Brown would remain.

Accordingly,

IT IS RECOMMENDED that the Government's Motion to Dismiss (ECF No. 5) be granted and that Plaintiff's claims against Merrick Garland, individually and in his capacity of U.S. Attorney General be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Alternatively, IT IS RECOMMENDED that the Government's Motion to Dismiss (ECF No. 5) be granted and that Plaintiff's claims against Merrick Garland, individually and in his capacity of U.S. Attorney General be DISMISSED WITH PREJUDICE for failure to state a claim.

IT IS FURTHER RECOMMENDED that Plaintiff's Ex Parte/Consent Motion to Dismiss (ECF No. 10) be GRANTED and that Plaintiff's claims against Cashe Coudrain & Bass LLP, Andre Coudrain (individually and in his capacity as an attorney), Ashley Edwards Bass (individually and in her capacity as an attorney), Indigo K. Diekmann (individually and in her capacity as an associate attorney), and Jamie Polozola Gomez (individually and in her capacity as an associate attorney) and their unidentified agents one through five be DISMISSED WITHOUT PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[36]

New Orleans, Louisiana, this 7th day of September, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[36] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).