UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OSCAR DANTZLER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2211 |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL. | * | SECTION "I" (2) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Oscar Dantzler filed a 25-page document entitled "Petition for a Writ of Mandamus and/or Petition for a Writ Prohibition" on July 18, 2022.  ECF No. 1.  Although difficult to decipher, it appears that Plaintiff sought, among other things, to compel the United States Department of Justice and its agents to investigate a criminal complaint that he filed against his former attorney and opposing counsel in Civil Action No. 20-2960.  *Id.* at 3; *see also id.* at 3-12.[1] Plaintiff named several Defendants, including the United States Department of Justice, Merrick Garland, Cashe Coudrain & Bass LLP, Claiborne W. Brown, United States District Judge Jay Zainey, and United States Magistrate Judge Janis van Meerveld.  ECF No. 1.  Plaintiff voluntarily dismissed his  claims against several defendants and the Court dismissed his claims against United States Attorney General Merrick Garland, leaving only Plaintiff's claims against Claiborne W. Brown.  *See* ECF Nos. 9, 11, 12.

Despite issuance of Summons to Claiborne W. Brown on July 18, 2022, Plaintiff did not file a Return in the court record reflecting service within the 90 days period required by FED. R. CIV. P. 4(m).  Accordingly, on November 2, 2022, the Court issued an Order directing Plaintiff to

---

[1] According to the Government, Dantzler has a long history of filing frivolous lawsuits in this district.  ECF No. 5-2, at 2-3.  He has also filed suits in other districts. *See Dantzler v. U.S. Dep't of Justice*, No. 20-1505, 2021 WL 2809125 (D.D.C. July 6, 2021) (denying mandamus request to compel Attorney General to investigate alleged criminal conduct).

either file into the court record the Summons Return showing that service was made on Defendant Claiborne W. Brown or show cause in writing why his claims against the remaining Defendant should not be dismissed for failure to prosecute.  ECF No. 13.  The Order also advised Dantzler that "failure to comply with this Order in writing on or before **DECEMBER 1,  2022**, will result in a report and recommendation to dismiss the Defendant Claiborne W. Brown without prejudice pursuant to Fed. R. Civ. P. 4(m)," citing *Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995) and *Redding v. Essex Crane Rental Corp.*, 752 F.2d 1077 (5th Cir. 1985).  *Id*.  To date, Dantzler has not filed a response to that Show Cause Order.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served within 90 days of the filing of the complaint, and if service is not made, the court must dismiss the action without prejudice or order service by a specific time.  The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor.[2]  In addition, FED. R. CIV. P. 41(b) provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[3]

Dantzler filed his Complaint on July 18, 2022.  ECF No. 1.  More than 90 days have since elapsed and, to date, there has been no service on Defendant Brown, as required under Rule 4(m).  Further, Dantzler has not responded to my Show Cause Order or provided any information or excuse for the failure to serve and prosecute this case as to Defendant Brown.  Thus, dismissal without prejudice of Dantzler's claims against Defendant Claiborne W. Brown is proper under both Rule 4(m) and Rule 41(b) for his failure to respond to my order, serve summons, and prosecute this case.  Dismissal of Plaintiff's claims against Brown will fully conclude this matter.

---

[2] *See, e.g., Lambert*, 44 F.3d at 296; *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).
[3] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

## <u>RECOMMENDATION</u>

It is **RECOMMENDED** that Plaintiff Oscar Dantzler's claims against Defendant Claiborne W. Brown be **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b), after which this matter may be closed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[4]

New Orleans, Louisiana, this 10th day of January, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).