UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSCAR DANTZLER                                    CIVIL ACTION

VERSUS                                            No. 22-2211

UNITED STATES DEPARTMENT                          SECTION I
OF JUSTICE, ET AL.

ORDER AND REASONS

Before the Court is a motion[1] filed by *pro se* plaintiff Oscar Dantzler ("Dantzler") to "vacate" this Court's orders[2] adopting the reports and recommendations[3] of the U.S. Magistrate Judge and this Court's judgment[4] in favor of remaining defendants[5] Claiborne W. Brown ("Brown") and Merrick Garland ("Garland"), individually and in his capacity of U.S. Attorney General. Also before this Court is a motion[6] filed by Dantzler for leave to file an untimely objection to the U.S. Magistrate Judge's report and recommendation that Dantzler's claims against Brown be dismissed without prejudice. For the reasons below, the Court denies the motions.

---

[1] R. Doc. No. 17.
[2] R. Doc. Nos. 12 and 15.
[3] R. Doc. Nos. 11 and 14.
[4] R. Doc. No. 16.
[5] All other defendants to the above-captioned action were previously dismissed. *See* R. Doc. Nos. 9 (dismissing with prejudice defendants U.S. Department of Justice, U.S. District Judge Jay Zainey, and U.S. Magistrate Judge Janis van Meerveld) and 12 (granting Dantzler's motion and dismissing without prejudice defendants Cashe Coudrain & Bass LLP, Andre Coudrain, Ashley Edwards Bass, Indigo K. Diekmann, and Jamie Polozola Gomez and their unidentified agents one through five).
[6] R. Doc. No. 18.

## I.   BACKGROUND

Though his complaint, styled as a "Petition for a Writ of Mandamus and/or Petition for a Writ Prohibition,"[7] is difficult to parse, it appears that Dantzler seeks, among other things, to compel the United States Department of Justice and its agents to investigate and prosecute a criminal complaint that Dantzler filed against Brown, his former attorney, and opposing counsel in *Dantzler v. Tangipahoa Parish School Board et al.*, E.D. La. Civil Action No. 20-2960.[8]   Plaintiff voluntarily dismissed his claims against several defendants,[9] and the U.S. Magistrate Judge issued reports and recommendations on September 7, 2022 and January 10, 2023, recommending that Dantzler's claims against the remaining two defendants be dismissed without prejudice.

---

[7] R. Doc. No. 1.

[8] *Id.* at 3 ("[T]he U.S.D.O.J. Office and their agents had a [m]andatory duty to investigate plaintiff's criminal complaint and to meet with the plaintiff pertaining to the alleged fraudulent [sic] of documents and other matters, and the conspiracy between all of the attorneys of record . . . . Plaintiff have [sic] filed a criminal complaint with the U.S.D.O.J. Office against the mention [sic] parties, and these attorneys Claiborne Brown, Andre Coudrain, Ashley E. Bass, Indigo K. Diekman [sic], and Jamie P. Gomez requesting a thorough criminal investigation under the R.I.C.O. ACT . . . , but to know [sic] avail all was ignored intentionally, by the U.S.D.O.J. Office and their agents for some unknown reason and as of this date of filing the U.S.D.O.J. Office had not responded to plaintiff's criminal complaint.").

[9] R. Doc. Nos. 8 (Dantzler's motion for voluntary dismissal of defendants U.S. Department of Justice, U.S. District Judge Jay Zainey and U.S. Magistrate Janis van Meerveld), 10 (Dantzler's motion to dismiss defendants Cashe Coudrain & Bass LLP, Andre Coudrain (individually and in his capacity as an attorney), Ashley Edwards Bass (individually and in her capacity as an attorney), Indigo K. Diekmann (individually and in her capacity as an associate attorney), and Jamie Polozola Gomez (individually and in her capacity as an associate attorney) and their unidentified agents one through five), and 19 (Dantzler's motion for voluntary dismissal of Brown).

2

The first report and recommendation recommended that Dantzler's claims against Garland, individually and in his capacity as U.S. Attorney General, be dismissed without prejudice for lack of subject matter jurisdiction, and the second recommended that Dantzler's claims against Brown be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). The Court adopted both reports and recommendations[10] and, on January 31, 2023, issued an order entering judgment in favor of the remaining two defendants, Garland and Brown.[11]

On February 14, 2023, Dantzler filed the instant motions to "vacate the judge's [order and] judgments dated January 31, 2023 that were rendered[] against the plaintiff"[12] and for leave to file an untimely objection to the U.S. Magistrate Judge's report and recommendation that Dantzler's claims against Brown be dismissed without prejudice.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.  Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence,

---

[10] R. Doc. Nos. 12, 15.
[11] R. Doc. No. 16.
[12] R. Doc. No. 17.

legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotation marks omitted).

### III.    ANALYSIS

Dantzler's motion to vacate does not specify the Federal Rule of Civil Procedure pursuant to which he seeks relief. The Court will therefore construe his motion to vacate as a Rule 59(e) motion to alter or amend the court's orders adopting the U.S. Magistrate Judge's reports and recommendations and dismissing the remaining defendants. *See Stone v. Brown*, No. 10-150, 2010 WL 4955779, at *1 (E.D. Tex. Dec. 1, 2010) (construing *pro se* motions to vacate judgment and for a new trial as Rule 59(e) motions).

The instant motion to vacate was filed within the 28-day timeline contemplated by Rule 59(e).[13] The motion does not allege manifest error of law or fact, present new evidence, or point to any intervening changes in law. By process of

---

[13] *See* R. Doc. Nos. 16, 17, 18.

elimination, therefore, it appears that Dantzler is alleging that the instant motion is necessary to avoid manifest injustice. *See Jupiter*, 1999 WL 796218, at *1.

Dantzler argues that he "had no knowledge of [the U.S. Magistrate Judge's] Report and Recommendation letter" as he "resigned from old job [sic] and started working for a new company which is out of town in another parish and plaintiff has not been back in town to check his mail for a few months."[14] Per Local Rule 11.1, "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Therefore, if Dantzler moved to a new address, he was obligated to inform the Court of the change.

Even if Dantzler did not permanently move addresses, and therefore intended to continue using his current address, his admitted failure to check his mail for "a few months"[15] and therefore to timely object to the U.S. Magistrate Judge's reports and recommendations, resulting in his claims against the remaining defendants being dismissed without prejudice, does not present a "manifest injustice." "Plaintiffs [have] a duty of diligence to inquire about the status of their case." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019). Any arguments[16] Dantzler may have

---

[14] R. Doc. No. 17, at 1.

[15] *Id.*

[16] Per Dantzler's motion for leave to file an untimely response to the U.S. Magistrate Judge's report and recommendation pertaining to Brown, Dantzler alleges that he did not file the necessary return of service reflecting service of process on Brown because Dantzler's "process server had died before summons could be fill[ed] out . . . ." R. Doc. No. 18, at 2. As well, Dantzler's motion for leave to file an untimely response appears to request that his claims against Brown be *voluntarily* dismissed without prejudice. *Id.* at 2 ("[P]laintiff prays . . . the court to [sic] consider plaintiff's pleading and motion against the remaining defendant . . . CLAIBORNE W. BROWN . . . also be dismissed without prejudice . . . ."). As the Court has already dismissed Dantzler's

offered in response to the recommended dismissal of his claims could have been timely made prior to the Court's entry of judgment if he had exercised a minimum level of due diligence in checking his mail.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Dantzler's motion[17] to vacate this Court's orders adopting the U.S. Magistrate Judge's reports and recommendations and this Court's entry of judgment in favor of defendant Brown and Garland is **DENIED**.

**IT IS FURTHER ORDERED** that Dantzler's motion[18] requesting leave to file an untimely objection to the U.S. Magistrate Judge's January 10, 2023 report and recommendation is **DENIED**.

New Orleans, Louisiana, April 3, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

claims against Brown without prejudice, R. Doc. Nos. 15, 16 and 19, Dantzler's motion is denied.
[17] R. Doc. No. 17.
[18] R. Doc. No. 18.